INTERNATIONAL WATCH COMPANY, DEFENDANT IN ERROR, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued July 11, 1911—Decided November 20, 1911.

The Costs act of 1911 (*Pamph. L., p.* 756) is applicable to practice on error in the Court of Errors and Appeals, so far as its provisions are appropriate thereto.

Motion, on notice, for the retaxation of costs by inclusion of the expense of printing brief for defendant in error in this court.

For the motion, *Sidney W. Eldridge.*

The opinion of the court was delivered by

PARKER, J.    The plaintiff below recovered a verdict and judgment in the First District Court of Jersey City, which judgment, on appeal to the Supreme Court, was affirmed. 51 *Vroom* 553. Defendant then removed the cause to this court by writ of error, and the judgment was again affirmed, for the reasons stated in the opinion of the Supreme Court. *Post p.* 526. On taxation of costs in favor of defendant in

460 COURT OF ERRORS AND, APPEALS.

International Watch Co. v. D., L. & W. R. R. 82 N. J. L.

error, plaintiff below, counsel claimed double costs, the original judgment having been based on the verdict of a jury (*Comp. Stat., p.* 2296, *pl.* 43), and also insisted that the reasonable expense of printing his brief or points should be included in the costs, pursuant to the Costs acts of 1910 and 1911. *Comp. Stat., p.* 4129 *et seq.,* 4131, *pl.* 267; *Pamph. L.* 1911, *pp.* 756, 761, § 10. The claim of double costs was allowed by the clerk and is not now before us; the only matter presented on this motion being the claim for inclusion of the cost of printing counsel's brief in this court.

The act of 1911 is plainly a re-enactment and revision of the act of 1910, though it makes no reference to it. The main difference between them appears to be the addition of section 13 in the act of 1911, making the law existing prior to the act of 1910 applicable in all cases not specifically provided for.

The principal question presented by the motion is whether the statute is applicable to practice at law in this court; and in examination of all its provisions we come to the conclusion that it is so applicable. The word "proceeding," in the first section, is adequate to comprehend the removal and prosecution of a cause on writ of error. The same word occurs in section 6. So, in sections 8 and 9 the clause relating to "proceedings before notice of argument where there is no issue of fact to be tried," and the "argument of an issue of law;" and especially the provisions in section 9, entitling the party to whom costs are awarded to include in his bill of costs as disbursements "the legal fees paid for a certified copy of a * * * paper or document * * * filed in any public office, necessarily used or obtained for use * * * upon appeal, error or otherwise," and also "the reasonable expenses of printing the papers and points for a hearing or argument," are appropriate to writs of error in any court having cognizance thereof. So, that while the statute does not by name include this court as it does the Supreme Court, we think it is fairly plain that there was no intent to exclude this court from its purview; and that the present motion should be granted.

It may be remarked that no question is raised in this case as to the expense of printing the brief being other than reasonable; and that counsel makes no claim (and properly not) that his client should recover double that expense as part of the double costs awarded.